**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated, | : : : | Civil File No. |
| Plaintiff, | : : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| ELITE HEALTH INVESTMENTS, INC. | : : : | |
| Defendant. | : : : | |

**Preliminary Statement**

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id* …This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.     The Plaintiff George Moore alleges that Elite Health Investments, Inc. ("Elite Health") made unsolicited telemarketing calls without his prior express consent and that such calls were made to numbers listed on the National Do Not Call Registry, a separate violation of the TCPA.

4.     Because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6.      Plaintiff George Moore is an individual residing in this District.

7.      Defendant Elite Health Investments, Inc. is a Florida corporation with a Registered Agent of Zachary Palumbo, 900 N. Federal Highway, Suite 220 in Boca Raton, FL 33432.

**Jurisdiction & Venue**

8.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.      The Court has personal jurisdiction over Elite Health because it made calls into this District and does business in this District from those calls.

10.      Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made into this District.

**TCPA Background**

11.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15.     Elite Health offers health insurance services.

16.     To generate leads, Elite Health makes telemarketing calls to consumers with whom it never had a relationship and who have never consented to receive its calls.

17.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18.     Plaintiff's telephone number 630-510-XXXX is a residential telephone line used for personal purposes and is not associated with a business.

19.     That number is also on the National Do Not Call Registry, and has been for more than 30 days prior to Plaintiff's receipt of the Defendant's first calls.

20.     Despite this, the Defendant placed telemarketing calls to the Plaintiff on May 13, 16, June 1, 16, July 19, 28, 29, August 2, 4 and 5, 2022.

21.     The Caller IDs for all of the calls were "spoofed" by the Defendant to make it appear that they were coming from a local number.

22.     This is a further indication of the *en masse* nature of the calling done by the Defendant.

23.     Two Caller IDs were used by the Defendant: (630) 278-5449 and (630) 278-5451.

24.     All of the calls used similar scripts, which would offer Medicare or similar insurance offered by the Defendant.

25.     During the August 2, 2022 call, the Plaintiff listened to the Defendant's live telemarketing pitch long enough to identify who had been calling him.

26.     During this call, "Peter" stated that he was a licensed Medicare representative and was calling to offer the Defendant's services.

27.     Peter promoted the Defendant's Medicare Part C insurance offerings.

28.     Indeed, Peter provided a callback number of (800) 994-0708.

29.     That is a number for the Defendant.

30.     Peter further stated that his company name was Elite Medicare Advisors.

31.     On August 3, 2022, the Plaintiff confronted the Defendant regarding the calls he had been receiving from them.

32.     The Defendant informed the Plaintiff that the individual he spoke with was Peter Saldivar.

33.     Mr. Moore spoke with Mr. Saldivar and informed him that he had received numerous calls from the Defendant's company.

34.     Mr. Saldivar proffered an argument that Mr. Moore didn't ask to be put on the Defendant's internal Do Not Call List.

35.     Mr. Moore informed Mr. Saldivar that he was already on the National Do Not Call Registry and should not have received the Defendant's calls in the first place.

36.     Mr. Saldivar claimed to not be familiar with the National Do Not Call Registry.

37.     At that point, Mr. Moore asked to be put on the Defendant's internal Do Not Call List.

38.     Prior to filing this lawsuit, the Plaintiff further brought the illegal calls to the Defendant's attention through correspondence.

39.     The Defendant did not respond.

40.     Indeed, former employees of the Defendant have complained about their telemarketing practices: "You go through all the training to get your 240 license and waste your money and time because they are just scamming people. When you call "inquiries" they say they never submitted anything and the number you call from shows up as scam risk." *See* https://www.glassdoor.com/Reviews/Elite-Medicare-Advisors-Reviews-E3657811.htm (Last Visited August 17, 2022).

41.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

42.     The Plaintiff never provided his consent or requested these calls.

43.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

44.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

45.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure,

Plaintiff brings this action on behalf of a Class of all other persons or entities similarly situated

throughout the United States.

46.     The Class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States who (1) within four years prior to the commencement of this litigation until trial (2) received two or more telemarketing call on their residential line (3) from or on behalf of Defendant (4) to a telephone number that was registered with the National Do Not Call Registry (5) for more than 30 days at the time of each call.

47.     The Class defined above is identifiable through phone records, phone number

databases, and business and customer records of Defendant.

48.     Based on the *en masse* nature of telemarketing, the potential members of the Class

likely number at least in the thousands.

49.     Individual joinder of these persons is impracticable.

50.     The Plaintiff is a member of the Class.

51.     There are questions of law and fact common to Plaintiff and to the proposed

Class, including but not limited to the following:

(a)  whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(b)  whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class; and

(c)  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

52.     Plaintiff's claims are typical of the claims of members of the Class.

53.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

54.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))**
**on behalf of Plaintiff and the National Do Not Call Registry Class**

56.     Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

57.     As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5) or $1,500 for any violation that was knowing or willful.

8

58. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising insurance goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B. As a result of Defendant's negligent, willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,


*/s/ Anthony Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*